UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAINBRIDGE FUND LTD.,                      :
                                           :
        Plaintiff,                        :
                                           :
        v.                                :    CIVIL INDEX NO.
                                           :
THE REPUBLIC OF ARGENTINA,                 :
                                           :
        Defendant.                        :
                                           :

---

## COMPLAINT

      Plaintiff Bainbridge Fund Ltd. ("Bainbridge" or "Plaintiff"), by its undersigned

counsel, as and for its Complaint against Defendant Republic of Argentina (the "Republic"),

alleges as follows:

### NATURE OF THE ACTION

      1.     In part, this is a breach of contract action arising from the Republic's

failure to make contractually-mandated principal and interest payments on certain bonds held by

Plaintiff and issued by the Republic pursuant to a Fiscal Agency Agreement, dated October 19,

1994 (the "1994 FAA") between the Republic and Bankers Trust Company, as Fiscal Agent.  For

its relief, Bainbridge seeks payment of the principal amount of the bonds together with any

accrued and unpaid interest, as provided for in the 1994 FAA.  A true and accurate copy of the

1994 FAA is attached as **Exhibit A.**

      2.     This is also a breach of contract action arising from the Republic's failure

to make contractually-mandated principal and interest payments on certain bonds held by

Bainbridge and issued by the Republic pursuant to the Trust Deed, dated July 27, 1993 ("1993

Trust Deed").  For its relief, Bainbridge seeks payment of the principal amount of the bonds

together with any accrued and unpaid interest, as provided for in the 1993 Trust Deed. A true and accurate copy of the 1993 Trust Deed is attached as **Exhibit B.**

3.    This is also a breach of contract action arising from the Republic's failure to make contractually-mandated principal and interest payments on certain bonds held by Bainbridge and issued by the Republic pursuant to the Floating Rate Bond Exchange Agreement, dated December 6, 1992 ("1992 FRB"). For its relief, Bainbridge seeks payment of the principal amount of the bonds together with any accrued and unpaid interest, as provided for in the 1992 FRB. A true and accurate copy of the 1992 FRB is attached as **Exhibit C.**

4.    This action also seeks damages for the Republic's violations of the Equal Treatment Provision of the 1994 FAA, paragraph 1(c) of the FAA (the "1994 FAA Equal Treatment Provision"), which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued under the 1994 FAA with respect to any unsecured and unsubordinated External Indebtedness as defined in the 1994 FAA.

5.    In addition, this action seeks damages for the Republic's violations of Section 5.1 of the 1993 Trust Deed and Section 3 of the Terms and Conditions of the Notes (together, the "1993 Trust Deed Equal Treatment Provisions"), which provide for equal treatment in terms of rank and priority of payment for holders of bonds issued under the 1993 Trust Deed with respect to any unsecured and unsubordinated External Indebtedness as defined in the 1993 Trust Deed.

6.    Similarly, this action further seeks damages for the Republic's violations of Section 4.01(f) of the 1992 FRB (the "1992 FRB Equal Treatment Provision"), which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued under the 1992 FRB with respect to any Indebtedness as defined in the 1992 FRB.

7.    This action also seeks specific performance of the Republic's payment obligations pursuant to the 1994 FAA Equal Treatment Provision.

8.    In addition, this action seeks specific performance of the Republic's payment obligations pursuant to the 1993 Trust Deed Equal Treatment Provisions.

9.    Similarly, this action seeks specific performance of the Republic's payment obligations pursuant to the 1992 FRB Equal Treatment Provision.

10.    From 2005 to the present, the Republic has engaged in a course of conduct which violates the 1994 FAA Equal Treatment Provision, the 1993 Trust Deed Equal Treatment Provisions, and the 1992 FRB Equal Treatment Provision (together, the "Equal Treatment Provisions"). In particular, under color of Law 26,017 passed in 2005 and Law 26,547 passed in 2009, the Republic issued bonds in its 2005 and 2010 Bond Exchanges with payment obligations that rank higher than those issued under the 1994 FAA, 1993 Trust Deed, and 1992 FRB held by Plaintiff. The Republic's issuance of these higher ranking bonds, facilitated by Laws 26,017 and 26,547, and its continuing payment of semi-annual interest to the holders of the bonds issued in the 2005 and 2010 Bond Exchanges, while paying nothing to Plaintiff and other bondholders who did not participate in the Exchanges, violates the Equal Treatment Provisions.

11.    In May 2014, the Republic also began issuing bonds bearing ISIN ARARGE03H413 (the "BONAR 2024 Bonds") and has made payments on the BONAR 2024 Bonds while paying nothing to Plaintiff in violation of the Equal Treatment Provisions. To prevent further violations, Plaintiff seeks compensatory damages as well as specific performance of the Equal Treatment Provisions with respect to the 2005 and 2010 Bond Exchanges, the BONAR 2024 Bonds, and all other External Indebtedness and Indebtedness.

## THE PARTIES

12.     Plaintiff Bainbridge Fund Ltd. is a Commonwealth of the Bahamas company.

13.     Defendant Republic of Argentina is a Foreign State as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), as the Republic is a Foreign State which has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the 1994 FAA, the 1993 Trust Deed, and the 1992 FRB, or arising out of or based on the 1994 FAA, the 1993 Trust Deed, and the 1992 FRB themselves, by holders of the securities thereunder and is, therefore, not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement.

15.     In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the 1994 FAA, the 1993 Trust Deed, and the 1992 FRB to submit to the jurisdiction of this Court in respect to actions arising out of or based on the securities issued pursuant to the 1994 FAA, the 1993 Trust Deed, and the 1992 FRB, or arising out of or based on the 1994 FAA, the 1993 Trust Deed, and the 1992 FRB themselves, by holders of securities issued thereunder.

16.     Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

4

# FACTUAL ALLEGATIONS

**Bainbridge's 1994 FAA Bonds**

17.     Bainbridge is the owner of $34,000,000 principal amount of bonds issued pursuant to the 1994 FAA by the Republic, ISIN US040114GG96 (the "US040114GG96 Bonds"). The US040114GG96 Bonds have a coupon rate of 12.25% and mature on June 19, 2018, but are presently due and payable.

**Bainbridge's 1993 Trust Deed Bonds**

18.     Bainbridge is the owner of € 1,500,000 principal amount of bonds issued pursuant to the 1993 Trust Deed by the Republic, ISIN XS0109203298 (the "XS0109203298 Bonds"). The XS0109203298 Bonds have a coupon rate of 8.125% and matured on April 10, 2004, at which time the entire principal amount on the XS0109203298 Bonds became due and payable.

**Bainbridge's 1992 FRB Bonds**

19.     Bainbridge is the owner of $26,125,000 principal amount of bonds issued pursuant to the 1992 FRB by the Republic, ISIN XS0043120236 (the "XS0043120236 Bonds"). The XS0043120236 Bonds have a floating interest rate and matured on March 31, 2005, at which time the entire principal amount on the XS0043120236 Bonds became due and payable.

20.     Bainbridge is the owner of $2,000,000 principal amount of bonds issued pursuant to the 1992 FRB by the Republic, ISIN XS0043120582 (the "XS0043120582 Bonds"). The XS0043120582 Bonds have a floating interest rate and matured on March 31, 2005, at which time the entire principal amount on the XS0043120582 Bonds became due and payable.

21.     A record of Bainbridge's holdings of the Argentine bonds referenced above is attached as **Exhibit D.**

5

**The Republic's Default Under the 1994 FAA**

22.     Pursuant to Section 12 of the 1994 FAA, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment:  The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues of a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

23.     Section 12 of the 1994 FAA further provides that following either of the foregoing Events of Default, a note holder, *i.e.*, Bainbridge, may give the Republic written notice and declare "the principal amount of such Securities held by it to be due and payable immediately," together with all accrued interest.

24.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the 1994 FAA.

25.     Since then, the Republic has failed to make payments due on the US040114GG96 Bonds held by Bainbridge.

**The Republic's Default Under the 1993 Trust Deed**

26.     Pursuant to Section 10.2 of the 1993 Trust Deed, the following, *inter alia*, is defined as "Proof of Default":

> (a) Non-Payment:  If it is proved that as regards any specified Note or Coupon the Republic has made default in paying any sum due to the relevant Noteholder such proof will (unless the contrary be proved) be sufficient evidence that it has made the same default as regards all other Notes or Coupons which are then Payable

27.    Pursuant to Section 10 of the Terms and Conditions of the Notes, the following, *inter alia*, is defined as "Events of Default":

(a) Non-Payment:  the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues of a period of 30 days; or

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

28.    Section 10 of the Terms and Conditions of the Notes further provides that following either of the foregoing Events of Default:

the Trustee at its discretion may in respect of Notes of any Series, or at the request of the holders of not less than 25 percent in aggregate principal amount of the Notes of such Series then outstanding, by notice in writing to the Republic shall, declare the principal amount (or Amortised Face Amount) of all the Notes of such Series to be due and payable immediately, and upon any such declaration the same shall become and shall be immediately due and payable...

29.    In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the 1993 Trust Deed.

30.    Since then, the Republic has failed to make payments due on the XS0109203298 Bonds held by Bainbridge.

**The Republic's Default Under the 1992 FRB**

31.    Pursuant to Section 9 of Exhibit 1A to the 1992 FRB, the Form of the Bearer Floating Rate Bond, and Section 9 of Exhibit 1B to the 1992 FRB, the Form of the

Registered Floating Rate Bond, the following, inter alia, are defined as "Events of Default":

> a) interest on any Bond is not paid when due and such default continues for a period of at least 30 days; or
>
> (b) Argentina fails to pay (i) the principal amount of the Bonds when due, or (ii) the principal amount of any Bond called for redemption when due for a period of 15 days;
>
> \* \* \*
>
> (e) Argentina declares a moratorium with respect to the payment of principal of, or interest on, Publicly Issued External Indebtedness of Argentina.

32.     In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the bonds issued pursuant to the 1992 FRB.

33.     Since then, the Republic has failed to make payments due on the XS0043120236 Bonds and XS0043120582 Bonds held by Bainbridge.

**The Republic's Violation of the Equal Treatment Provisions**

34.     Section 1 of the 1994 FAA (the "1994 FAA Equal Treatment Provision") states that:

> (c)     The Securities will constitute... direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all of its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

35.     The Republic, therefore, may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Bainbridge.

36.     Pursuant to Section 5.1 of the Trust Deed, the Republic provided that "[a]ll moneys received by the Trustee in respect of the Notes or amounts payable under this Trust

Deed will, despite any appropriation of all or part of them by the Republic, be held by the Trustee on trust to apply them ... in payment of any amounts owing in respect of the Notes or Coupons pari passu and rateably..."

37.     Pursuant to Section 3 of the Terms and Conditions of the Notes (together with Section 5.1 of the Trust Deed, the "1993 Trust Deed Equal Protection Provisions"), the Republic provided that its bonds issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. ... The payment obligations of the Republic under the Notes and the Coupons shall ... at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness..."

38.     The Republic, therefore, may not make any payment of its External Indebtedness without also making a ratable payment at the same time to Bainbridge.

39.     Pursuant to Section 4.01(f) of the FRB (the "1992 FRB Equal Treatment Provision"), the Republic provided that "[t]he payment obligations of Argentina under this agreement and each other Bond Agreement when executed and delivered hereunder will rank at least pari passu in priority of payment (i) with all other Indebtedness of Argentina which, by its terms, is payable or, at the option of the holder thereof, may be payable in a currency other than Pesos and (ii) with all obligations of Argentina with respect to an Indebtedness issued by a Designated Argentine Governmental Agency which, by its terms, is payable or, at the option of the holder thereof, may be payable in a currency other than Pesos."

40.     The Republic, therefore, may not make any payment of its Indebtedness without also making a ratable payment at the same time to Bainbridge.

41.     In 2005, the Republic restructured its debt by offering a bond exchange to

all holders of non-performing external debt (the "2005 Exchange").

42.    The 2005 Prospectus for this Bond Exchange stated:

> *Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely. . . . The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer. . . . that are not tendered or otherwise restructured as part of such transaction.* Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.

43.    Holders of approximately 25% of the Republic's non-performing bonds did not participate in the 2005 Exchange (along with those bondholders who did not participate in the 2010 Exchange as defined below, the "Non-tendering Bondholders").

44.    Bainbridge did not participate in the 2005 Exchange.

45.    Bondholders who participated in the 2005 Exchange ("2005 Exchange Bondholders") received bonds (the "2005 Bonds") scheduled to pay semi-annual interest.

46.    The first interest payment on the 2005 Bonds was due and paid in 2005.

47.    From 2005 through July 2014, the Republic has paid interest on the 2005 Bonds as it became due and attempted to continue to do so until at least January 2015.

48.    Upon information and belief, the Republic has resumed paying interest on all 2005 Bonds as it becomes due, and intends to continue to do so.

49.    To facilitate the 2005 Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 ("the Lock Law") on February 9, 2005. A true and correct copy of Law 26,017 and a certified translation are annexed hereto as **Exhibit E**.

50.    In its January 28, 2010 Prospectus, the Republic explained the purpose and effect of the Lock Law as follows:

> In an effort to reassure tendering Bondholders and increase the

10

level of participation on the 2005 Debt Exchange, Congress subsequently passed Law 26,017, known as the "Lock Law." The Lock Law prohibited the Executive Branch from reopening the 2005 Debt Exchange without Congressional approval **and also prohibited any type of settlement involving untendered securities that were eligible to participate in the 2005 Debt Exchange . . . .**

51.     The assurances to tendering bondholders provided by Law 26,017 facilitated the Republic's completion of the 2005 Exchange.

52.     Article 1 of Law 26,017 provided that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

a.      Article 2 – The national Executive Power may not, with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

b.      Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

c.      Article 4 - The national Executive Power must – within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions – order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges.

53.     The Republic violated the 1994 FAA Equal Treatment Provision, the 1993 Trust Deed Equal Treatment Provisions, and the 1992 FRB Equal Treatment Provision (together, the "Equal Treatment Provisions") by lowering the rank of its payment obligations under Plaintiff's bonds below that of other unsecured and unsubordinated External Indebtedness and Indebtedness by relegating Plaintiff's bonds to a non-paying class pursuant to Law 26,017.

54.     The Republic's courts have held that the Lock Law and the Republic's Moratorium on payment prevent them from recognizing and enforcing Non-tendering Bondholders' New York judgments.

11

55.     In 2009, in preparation for another bond exchange in 2010, the Senate and Chamber of Deputies of the Argentine Nation passed Law No. 26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange.  A true and correct copy of Law 26,547 and a certified translation are annexed hereto as **Exhibit F**.

56.     Law 26,547 provided:

a.     Article 1. The effect of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010 or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the government bonds affected by the referenced regulation is completed, whichever occurs first.

b.     Article 3. The financial terms and conditions that are offered may not be equal to or better than those offered to creditors, in the debt restructuring established by Decree No. 1735/04.

c.     Article 5. ...
It is prohibited to offer the holders of government bonds who may have initiated judicial, administrative, arbitration or any other type of action, more favorable treatment than what is offered to those who have not done so.

57.     The prospectus for the Republic's 2010 Exchange stated:

Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, *Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation.* Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through . . . litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraints regarding its defaulted debt. . . .
Consequently, if you elect not to tender your Eligible Securities in default pursuant to the Invitation *there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.*

58.    Bainbridge did not participate in the 2010 Exchange.

59.    Holders of approximately 9% of the Republic's non-performing bonds did not participate in either the 2005 Exchange or the 2010 Exchange.

60.    The Republic violated the Equal Treatment Provisions by relegating Plaintiff's bonds to a non-paying class pursuant to Law 26,547.

61.    The Bonds issued in the 2010 Bond Exchange (the "2010 Bonds") began to pay semi-annual interest to those who participated in the Exchange (the "2010 Exchange Bondholders") in 2010.

62.    From 2010 through July 2014, the Republic paid semi-annual interest on the 2010 Bonds as it became due and attempted to continue to do so until at least January 2015.

63.    Upon information and belief, the Republic has resumed paying interest on all 2010 Bonds as it becomes due, and intends to continue to do so.

64.    For 2002 and each year thereafter, the Senate and Chamber of Deputies of the Argentine Nation included in the annual budget of the Republic a moratorium against making interest or principal payments on the Defaulted Bonds to the Non-tendering Bondholders (each, a "Moratorium").  Each time the Republic enacted a Moratorium, even though it elsewhere acknowledge the debt, constituted a new and separate violation of Equal Treatment Provisions.

65.    In 2013, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,886 (the "Amended Lock Law"), which amended the Lock Law in order to allow additional possible bond exchanges.  The Amended Lock Law prevented Non-tendering Bondholders from settling their claims on Defaulted Bonds at terms superior to the 2005 and 2010 Exchange Bondholders.

66.    In 2014, as part of the Republic's effort to continue making interest

13

payments on the 2005 and 2010 Bonds (as alleged in paragraphs 41 and 65, *supra*), the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,984, which authorized the removal of the Bank of New York Mellon as trustee for the 2005 Bonds and 2010 Bonds, and created government accounts to transfer 2005 Bond and 2010 Bond funds in order to make payment on those bonds.

67.    Bainbridge and the other Non-tendering Bondholders have been damaged as a result of the Republic's multiple and separate violations of the Equal Treatment Provisions, and will continue to be damaged by the new and continuing violations of the Equal Treatment Provisions.

68.    Upon information and belief, absent an Order of this Court, the Republic will continue to pay holders of External Indebtedness and Indebtedness– including the 2005 and 2010 Exchange Bondholders – while paying nothing to Bainbridge. Each payment constitutes a new and separate violation of the Equal Treatment Provisions.

69.    NML Capital, Ltd. ("NML") and other pre-judgment holders of defaulted bonds issued pursuant to the 1994 FAA sought specific performance of the 1994 FAA Equal Treatment Provision in three pre-judgment cases styled *NML Capital, Ltd v. The Republic of Argentina* Case Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG) (S.D.N.Y.) ("NML's pre-judgment actions").

70.    In Orders issued in NML's three pre-judgment actions, this Court:

a.    held that the Republic's actions, as described in paragraphs 41 through 62, *supra*, violated the 1994 FAA Equal Treatment Provision;

b.    granted partial summary judgment to NML on its equal treatment claims;

14

        c.      held that NML had no adequate remedy at law and that, absent equitable relief, NML would suffer irreparable harm;

        d.      held that the equities strongly supported injunctive relief;

        e.      held that the Republic had the financial wherewithal to meet its payment obligations to NML in those cases; and

        f.      issued an Amended Order requiring the Republic to specifically perform its equal treatment obligations by making ratable payment to NML whenever it paid the 2005 and 2010 Exchange Bondholders the amounts due on their bonds.  A true and correct copy of this Court's December 7, 2011, February 23, 2012 and November 21, 2012 Orders are annexed hereto as **Exhibits G, H, and I**, respectively.

71.     On February 23, 2012, this Court issued an injunction to remedy the Republic's continuing violations of the 1994 FAA Equal Treatment Provision, which required the Republic to pay NML ratably whenever it paid the 2005 or 2010 Exchange Bondholders pursuant to their bonds.

72.     On October 26, 2012 the Second Circuit affirmed this Court's February 23, 2012 decision, but remanded the injunction for clarification.

73.     The Republic petitioned for a Writ of Certiorari on the October 26, 2012 Second Circuit decision in the United States Supreme Court.  That petition was denied October 7, 2013.

74.     On November 21, 2012, this Court amended the February 23, 2012 injunction.

75.     On August 23, 2013, the Second Circuit affirmed this Court's November 21, 2012 decision.

76.    The Republic subsequently petitioned for another Writ of Certiorari on the August 23, 2013 Second Circuit decision to the United States Supreme Court, which was also denied on June 16, 2014.

77.    In response to the orders of this Court, the Second Circuit Court of Appeals, and the United States Supreme Court in NML's pre-judgment cases, the Republic's officials, including President Kirchner, have frequently said that the Republic will never pay NML or any other similar bondholders such as Plaintiff.

78.    On June 16, 2014, President Kirchner declared in a televised address that the Republic would not "be subjected to such extortion," referring to the actions of NML and others, and this Court's Orders.

79.    On June 17, 2014, the Republic's Economy Minister Axel Kicillof announced the Republic's  plan to swap the 2005 and 2010 Exchange Bonds for new bonds payable in the Republic.

80.    On June 20, 2014, the Court issued an Order ruling that Minister Kicillof's proposed bond swap was in violation of this Court's Orders.

81.    On June 26, 2014, the Republic transferred $832 million to banks that process Exchange Bond payments (including $539 million to the BNY Mellon), the trustee for some of the Exchange Bonds) in an attempt to pay the Exchange Bondholders without making a Ratable Payment as required under the Amended February 23 Orders.

82.    On August 6, 2014, this Court held that "the payment by Argentina to BNY . . . was illegal and a violation of the Amended February 23 Orders." The Court also ordered BNY Mellon to hold the funds, and expressly prohibited the Republic from taking any "steps to interfere with BNY's retention" of the funds.

83.    On September 11, 2014, the Republic enacted Law 26,984, which purports to appoint Buenos Aires-based Nación Fideicomisos, SA in place of BNY Mellon and to change the payment location of the Exchange Bonds explicitly to evade the "illegitimate and illegal obstruction" created by "judicial orders issued by the Southern District Court of the City of New York."

84.    On September 29, 2014, this Court issued an Order holding the Republic in civil contempt; and on October 3, 2014, the Court issued an Amended and Supplemental Order regarding the Republic's civil contempt.  A true and correct copy of this Court's September 29, 2014 and October 3, 2014 Orders are annexed hereto as **Exhibits J and K**, respectively.

85.    Upon information and belief, in May 2014, the Republic began issuing BONAR 2024 Bonds, which, as with the 2005 and 2010 Bonds, are External Indebtedness, as defined under the 1994 FAA and 1993 Trust Deed, and Indebtedness, as defined under the 1992 FRB.

86.    Upon information and belief, in December 2014, the Republic issued approximately $650 million additional BONAR 2024 bonds.

87.    Upon information and belief, in April 2015, the Republic sold over $1.4 billion principal amount of BONAR 2024 Bonds.

88.    Upon information and belief, since May 2014, in total the Republic has issued approximately $5.3 billion of BONAR 2024 Bonds, much of which was sold to international investors outside of the Republic.

89.    Upon information and belief, in violation of its obligations under the Equal Treatment Provisions, the Republic made its first payment on the BONAR 2024 Bonds on

November 7, 2014 and its second payment on May 7, 2015 while paying nothing to Plaintiff on its bonds represented in this action.

90.     On June 5, 2015, this Court granted partial summary judgment to bondholders similar to Bainbridge in thirty-six separate actions, finding that the Republic violated and continues to violate the 1994 FAA Equal Treatment Provision by failing to make ratable payments to those bondholders. A true and correct copy of this Court's June 5, 2015 Order is annexed hereto as **Exhibit L**.

91.     On October 22, 2015, this Court granted partial summary judgment to bondholders similar to Bainbridge in an additional fifteen separate actions, again finding that the Republic violated and continues to violate the 1994 FAA Equal Treatment Provision by failing to make ratable payments to those bondholders. A true and correct copy of this Court's October 22, 2015 Order is annexed hereto as **Exhibit M**.

92.     The Republic appealed this Court's June 5, 2015 Order and October 22, 2015 Order to the Second Circuit, but those appeals were voluntarily dismissed.

93.     Upon information and belief, the Republic intends to make all payments due under the terms of the BONAR 2024 Bonds.

94.     Upon information and belief, the Republic intends to issue additional External Indebtedness and Indebtedness in the future.

95.     Upon information and belief, the Republic intends to make all payments due under the terms of any other existing or future External Indebtedness and Indebtedness.

96.     In 2016, the Republic made a unilateral settlement offer to the Non-tendering Bondholders, and made payments to certain Non-tendering Bondholders (the "2016 Settlement Payments").

97.    The unilateral settlement offer distinguished between certain identical securities as Injunction Offer Bonds ("Defaulted Bonds in respect of which a *pari passu* injunction has been rendered by the U.S. District Court for the Southern District of New York prior to February 1, 2016") and Standard Offer Bonds (Defaulted Bonds other than Injunction Offer Bonds). In violation of the Equal Treatment Provisions, Argentina created a preference among identical securities.

98.    In 2016, the Senate and Chamber of Deputies of the Argentine Nation passed Law 27,249 (the "New Lock Law"). A true and correct copy of the New Lock Law and a certified translation are annexed hereto as **Exhibit N**. The New Lock Law appears to forbid the Republic from paying Bainbridge anything other than the amounts set out in the unilateral settlement offer for Injunction Offer Bonds and Standard Offer Bonds. In particular, the New Lock Law appears to forbid the Republic from paying any claimant an amount that is higher than that offered for Standard Offer Bonds even if the claimant obtains a judgment or injunction after January 31, 2016. Further, the New Lock Law also does not appear to allow the Republic to pay post-judgment interest that accrues after January 31, 2016 to any claimant.

99.    In 2016, the Republic issued new bonds (the "2016 Bonds"), which, as with the 2005 Bonds, the 2010 Bonds, and the BONAR 2024 Bonds, are External Indebtedness, as defined under the 1994 FAA and 1993 Trust Deed, and Indebtedness as defined under the 1992 FRB. Upon information and belief, the Republic intends to make all payments due under the terms of the 2016 Bonds.

100.    Upon information and belief, in addition to the 2005 Bonds, the 2010 Bonds, the BONAR 2024 Bonds, and the 2016 Bonds, the Republic has issued other External Indebtedness and Indebtedness, made payments on such External Indebtedness and Indebtedness,

and it will continue to make payments and issue more of such External Indebtedness and
Indebtedness.

101.    The Republic's issuance of and payments on the 2005 Bonds, the 2010
Bonds, the BONAR 2024 Bonds, the 2016 Bonds, and other External Indebtedness and
Indebtedness, while paying nothing to Bainbridge, each constitute violations of the Equal
Treatment Provisions.

102.    To prevent further violations, Bainbridge seeks specific enforcement of
the Equal Treatment Provisions –the relief previously awarded to NML and others with respect
to the 1994 FAA Equal Treatment Provision– with respect to the 2005 Bonds and 2010 Bonds.
Bainbridge also seeks specific enforcement of the Equal Treatment Provisions with respect to the
BONAR 2024 Bonds, the 2016 Bonds, and with respect to all other External Indebtedness and
Indebtedness.  In addition, Bainbridge seeks damages with respect to each of the Republic's
breaches of the Equal Treatment Provisions in an amount equal to the principal and accrued
interest on their US040114GG96 Bonds, XS0109203298 Bonds, XS0043120236 Bonds and
XS0043120582 Bonds,

103.    Upon information and belief, the Republic published notices of the
issuance of the US040114GG96 Bonds in Argentina's *Boletín Oficial de la República Argentina*
(the "*Boletín Oficial*"), including the name, date of issuance, and a description of the principal,
interest, and maturity, and a reference to the underwriters from who orders could be solicited.

104.    Upon information and belief, the Republic published notices of the
issuance of the XS0109203298 Bonds in the *Boletín Oficial*, including the name, date of
issuance, and a description of the principal, interest, and maturity, and a reference to the
underwriters from who orders could be solicited.

105.    Upon information and belief, the Republic published notices of the issuance of the XS0043120236 Bonds and the XS0043120582 Bonds in the *Boletín Oficial*, including the name, date of issuance, and a description of the principal, interest, and maturity, and a reference to the underwriters from who orders could be solicited.

106.    The notices published in the *Boletín Oficial* for the US040114GG96 Bonds, the XS0109203298 Bonds, the XS0043120236 Bonds, and the XS0043120582 Bonds represent "an advertisement for bids" for the bonds that were published in "a newspaper of general circulation," within the meaning of New York Civil Practice Law and Rules § 211(a).

107.    The Finance Secretariat of the Tax and Economy Ministry of the Argentina publishes a Trimester Statement of Public Debt (the "Trimester Statement") four times each year.  The Trimester Statements were published continuously from 2007 through 2015 and referred to both the principal and accruing interest on the bonds that were not submitted for exchange.  A true and accurate copy of an excerpt of the Trimester Statement dated March 31, 2015 is attached as **Exhibit O**.

108.    In addition, Argentina filed a Form 18-K Annual Report with the United States Securities and Exchange Commission on September 30, 2011 (the "18-K"), a true and accurate copy of Exhibit E of which is attached as **Exhibit P**.

109.    The Trimester Statements and the 18-K are public acknowledgments of Argentina's debt, and include the bonds that are the subject of this Complaint.  The 18-K does not track the accrual of defaulted interest, but includes the principal amount of the Defaulted Bonds held by Bainbridge in Exhibit E to the 18-K (the Tables and Supplemental Information-Foreign Currency Denominated Debt-Direct Debt-Foreign-Currency Denominated Defaulted Bonds).  *See* Exhibit P.

### FIRST CLAIM FOR RELIEF
(For Breach of Contract on the US040114GG96 Bonds)

110.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 109 herein.

111.    The US040114GG96 Bonds are a Series of Securities under the terms of the 1994 FAA.

112.    Pursuant to Sections 12(a) and (d) of the 1994 FAA, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the US040114GG96 Bonds entitling Plaintiff to declare the principal amount of the US040114GG96 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

113.    On or about November 2, 2016, the Plaintiff advised the Republic, by written notice to the Republic's Principal Paying Agent, that it was declaring the entire principal amount of the US040114GG96 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the 1994 FAA.

114.    Despite the notice, the Republic has failed to make any payments of principal or interest on the US040114GG96 Bonds to Plaintiff.

115.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### SECOND CLAIM FOR RELIEF
(For Damages for Breach of the 1994 FAA Equal
Treatment Provision regarding US040114GG96 Bonds)

116.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 herein.

117.    The US040114GG96 Bonds are a Series of Securities under the terms of

the 1994 FAA.

118.    The Republic has breached its continuing obligations under the 1994 FAA Equal Treatment Provision by (i) issuing and making payments on the 2005 Bonds, the 2010 Bonds, the BONAR 2024 Bonds, and the 2016 Bonds without ratable payments to Plaintiff, (ii) passing discrete pieces of legislation to avoid paying on Plaintiff's bonds, (iii) issuing a Moratorium each year on payment of Plaintiff's bonds, (iv) discriminating between identical securities in its unilateral settlement offer, and (v) funding the 2016 Settlement Payments.

119.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### THIRD CLAIM FOR RELIEF
(For Specific Enforcement of the 1994 FAA Equal Protection Provision and for Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

120.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 119 herein.

121.    Pursuant to Section 1(c) of the 1994 FAA (the "1994 FAA Equal Protection Provision"), the Republic provided that its bonds issued pursuant to the 1994 FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank *pari passu* and without preference among themselves" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness . . . ."

122.    The Republic, therefore, may not make any payment on its 2005 and 2010 Bonds without also making a ratable payment at the same time to Plaintiff.

123.    The Republic has engaged in a course of conduct violative of the 1994 FAA Equal Protection Provision.

124.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1994 FAA Equal Protection Provision.

125.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1994 FAA Equal Protection Provision.

126.    The bonds issued in the Exchanges are External Indebtedness.

127.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the 1994 FAA Equal Protection Provision.

128.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1994 FAA Equal Protection Provision.

129.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1994 FAA Equal Protection Provision.

130.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation the 1994 FAA Equal Protection Provision.

131.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the 1994 FAA Equal Protection Provision.

132.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1994 FAA Equal Protection Provision and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

133.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

134.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

135.    Remedies available at law are inadequate to compensate for such injury.

136.    Plaintiff has performed its part of the contract with the Republic.

137.    The Republic is capable of performing its obligations pursuant to the 1994 FAA Equal Protection Provision.

138.    The balance of the equities tips toward the issuance of an injunction.

139.    The public interest would not be disserved by a permanent injunction.

## FOURTH CLAIM FOR RELIEF
(For Specific Enforcement of the 1994 FAA Equal Protection Provision
and for Injunctive Relief With Respect to the BONAR 2024 Bonds and 2016 Bonds)

140.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 139 herein.

141.    The Republic has engaged in a course of conduct violative of the 1994 FAA Equal Protection Provision.

142.    Through the issuance of the BONAR 2024 Bonds and the 2016 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1994 FAA Equal Protection Provision.

143.    The BONAR 2024 Bonds and the 2016 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds and the 2016 Bonds to date and future issuances of these bonds has violated and will violate the 1994 FAA Equal Protection Provision.

144.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1994 FAA Equal Protection Provision.

145.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds without ratable payment to Plaintiff will be a continuing violation of the 1994 FAA Equal Protection Provision.

146.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1994 FAA Equal Protection Provision and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds and the

2016 Bonds.

147. Remedies available at law are inadequate to compensate for such injury.

148. Plaintiff has performed its part of the contract with the Republic.

149. The Republic is capable of performing its obligations pursuant to the 1994 FAA Equal Protection Provision.

150. The balance of the equities tips toward the issuance of an injunction.

151. The public interest would not be disserved by a permanent injunction.

**FIFTH CLAIM FOR RELIEF**
(For Specific Enforcement of the 1994 FAA Equal Protection Provision
and for Injunctive Relief With Respect to All External Indebtedness)

152. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 151 herein.

153. The Republic has engaged in a course of conduct violative of the 1994 FAA Equal Protection Provision.

154. Upon information and belief, the Republic has issued and will issue in the future External Indebtedness in violation of the 1994 FAA Equal Protection Provision.

155. The Republic's past payments to the holders of External Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1994 FAA Equal Protection Provision.

156. The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the 1994 FAA Equal Protection Provision.

157.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1994 FAA Equal Protection Provision and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

158.    Remedies available at law are inadequate to compensate for such injury.

159.    Plaintiff has performed its part of the contract with the Republic.

160.    The Republic is capable of performing its obligations pursuant to the 1994 FAA Equal Protection Provision.

161.    The balance of the equities tips toward the issuance of an injunction.

162.    The public interest would not be disserved by a permanent injunction.

### SIXTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0080809253 Bonds)

163.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 162 herein.

164.    The XS0080809253 Bonds are Notes under the terms of the 1993 Trust Deed and Terms and Conditions of the Notes of the 1993 Trust Deed.

165.    Pursuant to Sections 10.2 of the Trust Deed and Section 10 of the Terms and Conditions of the Notes, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0080809253 Bonds entitling the Trustee to declare the

principal amount of the XS0080809253 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

166.    On or about November 2, 2016, Plaintiff requested that the Trustee declare the entire principal amount of the XS0080809253 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable.

167.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0080809253 Bonds to the Plaintiff.

168.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

**SEVENTH CLAIM FOR RELIEF**
(For Damages for Breach of the 1993 Trust Deed Equal
Treatment Provision regarding XS0080809253 Bonds)

169.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 168 herein.

170.    The XS0080809253 Bonds are a Series of Securities under the terms of the 1993 Trust Deed.

171.    The Republic has breached its continuing obligations under the 1993 Trust Deed Equal Treatment Provision by (i) issuing and making payments on the 2005 Bonds, the 2010 Bonds, the BONAR 2024 Bonds, and the 2016 Bonds without ratable payments to Plaintiff, (ii) passing discrete pieces of legislation to avoid paying on Plaintiff's bonds, (iii) issuing a Moratorium each year on payment of Plaintiff's bonds, (iv) discriminating between identical securities in its unilateral settlement offer, and (v) funding the 2016 Settlement Payments.

172.    By reason of the foregoing, the Republic has breached its contractual

obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

## EIGHTH CLAIM FOR RELIEF
(For Specific Enforcement of the 1993 Trust Deed Equal Treatment
Provisions and for Injunctive Relief With Respect to the 2005 and 2010 Exchange Bonds)

173.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 172 herein.

174.    Pursuant to Section 5.1 of the Trust Deed, the Republic provided that "[a]ll moneys received by the Trustee in respect of the Notes or amounts payable under this Trust Deed will, despite any appropriation of all or part of them by the Republic, be held by the Trustee on trust to apply them … in payment of any amounts owing in respect of the Notes or Coupons pari passu and rateably…"

175.    Pursuant to Section 3 of the Terms and Conditions of the Notes (together with Section 5.1 of the Trust Deed, the "1993 Trust Deed Equal Protection Provisions"), the Republic provided that its bonds issued pursuant to the Trust Deed would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. … The payment obligations of the Republic under the Notes and the Coupons shall … at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness…"

176.    The Republic, therefore, may not make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiff.

177.    The Republic has engaged in a course of conduct violative of the 1993 Trust Deed Equal Protection Provisions.

178.    Through the passage of Law 26,017, the Republic issued a new series of

bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1993 Trust Deed Equal Protection Provisions.

179.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1993 Trust Deed Equal Protection Provisions.

180.    The bonds issued in the Exchanges are External Indebtedness.

181.    The Republic's legislative actions forbidding payment on non-tendered bonds violate of the 1993 Trust Deed Equal Protection Provisions.

182.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated of the 1993 Trust Deed Equal Protection Provisions.

183.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated of the 1993 Trust Deed Equal Protection Provisions.

184.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the 1993 Trust Deed Equal Protection Provisions.

185.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the 1993 Trust Deed Equal Protection Provisions.

186.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1993 Trust Deed Equal Protection Provisions and will continue to suffer such injury unless this Court specifically enforces that Provisions with a mandatory injunction requiring the

Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

187.    In its December 7, 2011 Order in the NML pre-judgment actions, this

Court specifically held that the Republic's Equal Treatment obligations applied to bondholders

who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the
> Republic's payment obligations on the bonds include its payment
> obligations to bondholders who have brought actions to recover on
> their defaulted bonds, and on judgments entered pursuant to
> judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

188.    The Equal Treatment Provision of the FAA is virtually identical to the

1993 Trust Deed Equal Protection Provisions.

189.    Therefore, relief identical to that granted in the pre-judgment cases in

NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment

case.

190.    Remedies available at law are inadequate to compensate for such injury.

191.    Plaintiff has performed its part of the contract with the Republic.

192.    The Republic is capable of performing its obligations pursuant to the 1993

Trust Deed Equal Protection Provisions.

193.    The balance of the equities tips toward the issuance of an injunction.

194.    The public interest would not be disserved by a permanent injunction.

## NINTH CLAIM FOR RELIEF
(For Specific Enforcement of the 1993 Trust Deed Equal Protection Provisions and for
Injunctive Relief With Respect to the BONAR 2024 Bonds and the 2016 Bonds)

195.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 194 herein.

196.    The Republic has engaged in a course of conduct violative of the 1993 Trust Deed Equal Protection Provisions.

197.    Through the issuance of the BONAR 2024 Bonds and the 2016 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1993 Trust Deed Equal Protection Provisions.

198.    The BONAR 2024 Bonds and the 2016 Bonds are External Indebtedness. The issuance of the BONAR 2024 Bonds and the 2016 Bonds to date and future issuances of these bonds has violated and will violate the 1993 Trust Deed Equal Protection Provisions.

199.    The Republic's past payment of interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1993 Trust Deed Equal Protection Provisions.

200.    The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds without ratable payment to Plaintiff will be a continuing violation of the 1993 Trust Deed Equal Protection Provisions.

201.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1993 Trust Deed Equal Protection Provisions and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds.

202.    Remedies available at law are inadequate to compensate for such injury.

203.    Plaintiff has performed its part of the contract with the Republic.

204.    The Republic is capable of performing its obligations pursuant to the 1993

Trust Deed Equal Protection Provisions.

205.    The balance of the equities tips toward the issuance of an injunction.

206.    The public interest would not be disserved by a permanent injunction.

### TENTH CLAIM FOR RELIEF
(For Specific Enforcement of the 1993 Trust Deed Equal Protection Provisions and for
Injunctive Relief With Respect to All External Indebtedness)

207.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
through 206 herein.

208.    The Republic has engaged in a course of conduct violative of the 1993
Trust Deed Equal Protection Provisions.

209.    Upon information and belief, the Republic has issued and will issue in the
future External Indebtedness in violation of the 1993 Trust Deed Equal Protection Provisions.

210.    The Republic's past payments to the holders of External Indebtedness,
while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1993 Trust
Deed Equal Protection Provisions.

211.    The Republic's continuing payments to the holders of External
Indebtedness without ratable payment to Plaintiff, including External Indebtedness that upon
information and belief the Republic will issue in the future, will be a continuing violation of the
1993 Trust Deed Equal Protection Provisions.

212.    Plaintiff has suffered irreparable injury from the Republic's violation of
the 1993 Trust Deed Equal Protection Provisions and will continue to suffer such injury unless
this Court specifically enforces that Provision with a mandatory injunction requiring the
Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness
(including, for the avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether

issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

213.    Remedies available at law are inadequate to compensate for such injury.

214.    Plaintiff has performed its part of the contract with the Republic.

215.    The Republic is capable of performing its obligations pursuant to the 1993 Trust Deed Equal Protection Provisions.

216.    The balance of the equities tips toward the issuance of an injunction.

217.    The public interest would not be disserved by a permanent injunction.

### ELEVENTH CLAIM FOR RELIEF
(For Breach of Contract on the XS0043120236 Bonds)

218.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 217 herein.

219.    The XS0043120236 Bonds are Bonds under the terms of the 1992 FRB.

220.    Pursuant to Section 9 of Exhibit 1A to the 1992 FRB, the Form of the Bearer Floating Rate Bond, and Section 9 of Exhibit 1B to the 1992 FRB, the Form of the Registered Floating Rate Bond, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0043120236 Bonds entitling Plaintiff to declare the principal amount of the XS0043120236 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

221.    On or about November 2, 2016, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that they were declaring the entire principal amount of the XS0043120236 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be

immediately due and payable pursuant to Section 9 of the 1992 FRB.

222.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0043120236 Bonds to Plaintiff.

223.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

**TWELFTH CLAIM FOR RELIEF**
(For Damages for Breach of the 1992 FRB Equal
Treatment Provision regarding XS0043120236 Bonds)

224.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 223 herein.

225.    The XS0043120236 Bonds are a Series of Securities under the terms of the 1992 FRB.

226.    The Republic has breached its continuing obligations under the 1992 FRB Equal Treatment Provision by (i) issuing and making payments on the 2005 Bonds, the 2010 Bonds, the BONAR 2024 Bonds, and the 2016 Bonds without ratable payments to Plaintiff, (ii) passing discrete pieces of legislation to avoid paying on Plaintiff's bonds, (iii) issuing a Moratorium each year on payment of Plaintiff's bonds, (iv) discriminating between identical securities in its unilateral settlement offer, and (v) funding the 2016 Settlement Payments.

227.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

**THIRTEENTH CLAIM FOR RELIEF**
(For Breach of Contract on the XS0043120582 Bonds)

228.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 227 herein.

229.    The XS0043120582 Bonds are Bonds under the terms of the 1992 FRB.

230.    Pursuant to Section 9 of Exhibit 1A to the 1992 FRB, the Form of the Bearer Floating Rate Bond, and Section 9 of Exhibit 1B to the 1992 FRB, the Form of the Registered Floating Rate Bond, the declaration of a moratorium and the nonpayment of interest constitute Events of Default on the XS0043120582 Bonds entitling Plaintiff to declare the principal amount of the XS0043120582 Bonds it holds, together with any accrued and unpaid interest, to be due and payable immediately.

231.    On or about November 2, 2016, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that they were declaring the entire principal amount of the XS0043120582 Bonds held by Plaintiff, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 9 of the 1992 FRB.

232.    Despite the notice, the Republic has failed to make any payments of principal or interest on the XS0043120582 Bonds to Plaintiff.

233.    By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FOURTEENTH CLAIM FOR RELIEF
(For Damages for Breach of the 1992 FRB Equal
Treatment Provision regarding XS0043120582 Bonds)

234.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 233 herein.

235.    The XS0043120236 Bonds are a Series of Securities under the terms of the 1992 FRB.

236.    The Republic has breached its continuing obligations under the 1992 FRB Equal Treatment Provision by (i) issuing and making payments on the 2005 Bonds, the 2010 Bonds, the BONAR 2024 Bonds, and the 2016 Bonds without ratable payments to Plaintiff, (ii) passing discrete pieces of legislation to avoid paying on Plaintiff's bonds, (iii) issuing a Moratorium each year on payment of Plaintiff's bonds, (iv) discriminating between identical securities in its unilateral settlement offer, and (v) funding the 2016 Settlement Payments.

237.    By reason of the foregoing, the Republic has breached its contractual obligations to the Plaintiff, and the Republic is liable to Plaintiff for damages in amount to be determined at trial, plus interest.

### FIFTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the 1992 FRB Equal Treatment Provision
and for Injunctive Relief With Respect to the BONAR 2024 Bonds and the 2016 Bonds)

238.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 237 herein.

239.    Pursuant to Section 4.01(f) of the FRB (the "1992 FRB Equal Treatment Provision"), the Republic provided that "[t]he payment obligations of Argentina under this agreement and each other Bond Agreement when executed and delivered hereunder will rank at least pari passu in priority of payment (i) with all other Indebtedness of Argentina which, by its terms, is payable or, at the option of the holder thereof, may be payable in a currency other than Pesos and (ii) with all obligations of Argentina with respect to an Indebtedness issued by a Designated Argentine Governmental Agency which, by its terms, is payable or, at the option of the holder thereof, may be payable in a currency other than Pesos."

240.    The Republic, therefore, may not make any payment on its 2005 and 2010 Bonds without also making a ratable payment at the same time to Plaintiff.

241.    The Republic has engaged in a course of conduct violative of the 1992 FRB Equal Treatment Provision.

242.    Through the passage of Law 26,017, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1992 FRB Equal Treatment Provision.

243.    Through the passage of Law 26,547, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1992 FRB Equal Treatment Provision.

244.    The bonds issued in the Exchanges are Indebtedness.

245.    The Republic's legislative actions forbidding payment on non-tendered bonds violate the 1992 FRB Equal Treatment Provision.

246.    The Republic's past payment of interest to 2005 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1992 FRB Equal Treatment Provision.

247.    The Republic's past payment of interest to 2010 Bondholders, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1992 FRB Equal Treatment Provision.

248.    The Republic's continuing payments of interest to 2005 Bondholders without ratable payment to Plaintiff will be a continuing violation of the 1992 FRB Equal Treatment Provision.

249.    The Republic's continuing payments of interest to 2010 Bondholders without ratable payment to Plaintiff will be a continuing violation of the 1992 FRB Equal Treatment Provision.

250.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1992 FRB Equal Treatment Provision and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to 2005 or 2010 Bondholders.

251.    In its December 7, 2011 Order in the NML pre-judgment actions, this Court specifically held that the Republic's Equal Treatment obligations applied to bondholders who have brought actions to recover on their defaulted bonds:

> It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

*Id.* at 4 ¶ 3.

252.    Therefore, relief identical to that granted in the pre-judgment cases in NML's pre-judgment actions is warranted in Plaintiff's pre-judgment and summary judgment case.

253.    Remedies available at law are inadequate to compensate for such injury.

254.    Plaintiff have performed its part of the contract with the Republic.

255.    The Republic is capable of performing its obligations pursuant to the 1992 FRB Equal Treatment Provision.

256.    The balance of the equities tips toward the issuance of an injunction.

257.    The public interest would not be disserved by a permanent injunction.

### SIXTEENTH CLAIM FOR RELIEF
(For Specific Enforcement of the 1992 FRB Equal Treatment Provision and for Injunctive Relief With Respect to the BONAR 2024 Bonds)

258.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

through 257 herein.

259. The Republic has engaged in a course of conduct violative of the 1992 FRB Equal Treatment Provision.

260. Through the issuance of the BONAR 2024 Bonds and the 2016 Bonds, the Republic issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and other Non-tendering Bondholders in violation of the 1992 FRB Equal Treatment Provision.

261. The BONAR 2024 Bonds and the 2016 Bonds are Indebtedness. The issuance of the BONAR 2024 Bonds and the 2016 Bonds to date and future issuances of these bonds has violated and will violate the Equal Treatment Provision of the 1992 FRB.

262. The Republic's past payment of interest to the holders of the BONAR 2024 Bonds, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1992 FRB Equal Treatment Provision.

263. The Republic's continuing payments of interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds without ratable payment to Plaintiff will be a continuing violation of the 1992 FRB Equal Treatment Provision.

264. Plaintiff have suffered irreparable injury from the Republic's violation of the 1992 FRB Equal Treatment Provision and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays interest to the holders of the BONAR 2024 Bonds and the 2016 Bonds.

265. Remedies available at law are inadequate to compensate for such injury.

266. Plaintiff have performed its part of the contract with the Republic.

41

267.    The Republic is capable of performing its obligations pursuant to the 1992 FRB Equal Treatment Provision.

268.    The balance of the equities tips toward the issuance of an injunction.

269.    The public interest would not be disserved by a permanent injunction.

**SEVENTEENTH CLAIM FOR RELIEF**
(For Specific Enforcement of the 1992 FRB Equal Treatment Provision
and for Injunctive Relief With Respect to All Indebtedness)

270.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 269 herein.

271.    The Republic has engaged in a course of conduct violative of the 1992 FRB Equal Treatment Provision.

272.    Upon information and belief, the Republic has issued and will issue in the future Indebtedness in violation of the 1992 FRB Equal Treatment Provision.

273.    The Republic's past payments to the holders of Indebtedness, while paying nothing to Plaintiff and other Non-tendering Bondholders, violated the 1992 FRB Equal Treatment Provision.

274.    The Republic's continuing payments to the holders of External Indebtedness without ratable payment to Plaintiff, including Indebtedness that upon information and belief the Republic will issue in the future, will be a continuing violation of the 1992 FRB Equal Treatment Provision.

275.    Plaintiff has suffered irreparable injury from the Republic's violation of the 1992 FRB Equal Treatment Provision and will continue to suffer such injury unless this Court specifically enforces that Provision with a mandatory injunction requiring the Republic to pay Plaintiff ratably whenever it pays the holders of the External Indebtedness (including, for the

avoidance of doubt, any bonds with the ISIN ARARGE03H413, whether issued before or after the entry of the injunction) or holders of "Replacement Obligations" (meaning bonds or other obligations issued, whether before or after entry of the injunction, in exchange, substitution, restructuring, refinancing or satisfaction of any BONAR 2024 Bonds or other Replacement Obligations).

276.    Remedies available at law are inadequate to compensate for such injury.

277.    Plaintiff has performed its part of the contract with the Republic.

278.    The Republic is capable of performing its obligations pursuant to the 1992 FRB Equal Treatment Provision.

279.    The balance of the equities tips toward the issuance of an injunction.

280.    The public interest would not be disserved by a permanent injunction.

WHEREFORE, Plaintiff Bainbridge Fund Ltd. demands judgment against the Defendant Republic of Argentina as follows:

i.    On Count One, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

ii.    On Count Two, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

iii.    On Count Three, awarding an Order specifically enforcing the 1994 FAA Equal Treatment Provision, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 Bonds;

iv.    On Count Four, awarding an Order specifically enforcing the 1994 FAA Equal Treatment Provision, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds and

the 2016 Bonds;

v.  On Count Five, awarding an Order specifically enforcing the 1994 FAA Equal Treatment Provision, by requiring ratable payment to v whenever the Republic makes payments on all External Indebtedness;

vi.  On Count Six, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

vii.  On Count Seven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

viii.  On Count Eight, awarding an Order specifically enforcing the 1993 Trust Deed Equal Treatment Provisions, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 Bonds;

ix.  On Count Nine, awarding an Order specifically enforcing the 1993 Trust Deed Equal Treatment Provisions, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds and 2016 Bonds;

x.  On Count Ten, awarding an Order specifically enforcing the 1993 Trust Deed Equal Treatment Provisions, by requiring ratable payment to v whenever the Republic makes payments on all External Indebtedness;

xi.  On Count Eleven, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xii.  On Count Twelve, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xiii.    On Count Thirteen, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xiv.    On Count Fourteen, awarding Plaintiff damages against the Republic in an amount to be determined at trial, plus interest;

xv.    On Count Fifteen, awarding an Order specifically enforcing the 1992 FRB Equal Treatment Provision, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the 2005 and 2010 exchange bonds;

xvi.    On Count Sixteen, awarding an Order specifically enforcing the 1992 FRB Equal Treatment Provision, by requiring ratable payment to Plaintiff whenever the Republic makes payments on the BONAR 2024 Bonds and 2016 Bonds;

xvii.    On Count Seventeen, awarding an Order specifically enforcing the 1992 FRB Equal Treatment Provision, by requiring ratable payment to Plaintiff whenever the Republic makes payments on all Indebtedness.

xviii.    Awarding Plaintiff its costs, attorneys' fees and such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
November 4, 2016

**DUANE MORRIS LLP**

By: _Anthony J. Costantini_
Anthony J. Costantini
E-mail:ajcostantini@duanemorris.com
Suzan Jo
E-mail:sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway

New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
*Attorneys for Plaintiff Bainbridge Fund Ltd.*