UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAINBRIDGE FUND LTD.,

Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

Defendant.

Civil Case No. 1:16-cv-08605-LAP
("*Bainbridge I*")

BAINBRIDGE FUND LTD.,

Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

Defendant.

Civil Case No. 1:16-cv-08665-LAP
("*Bainbridge II*")

**~~[PROPOSED]~~ OPINION AND ORDER**

Plaintiff Bainbridge Fund Ltd. is the beneficial owner of certain bond indebtedness issued by defendant, the Republic of Argentina (the "Republic"). Plaintiff sues to recover amounts due as a result of the default and has moved for partial summary judgment on its First Claim for Relief in *Bainbridge I*. (D.E. 28.) The Republic does not object to the entry of partial summary judgment against it on that claim, in accordance with the applicable statute of limitations. The motion is granted and all of the remaining claims in *Bainbridge I* and *Bainbridge II* are dismissed based on agreement of the parties as further discussed below.

**FACTS**

The bond indebtedness held by Plaintiff, designated as ISIN US040114GG96 (the "Bond" or, the "FAA Bond"), was issued by the Republic under an issue of global debt securities

through Deutsche Bank AG, London, successor to Banker's Trust Company, the Republic's Fiscal Agent under a 1994 Fiscal Agency Agreement dated October 19, 1994 (the "FAA"), as amended and restated from time to time. In the FAA, the Republic expressly agreed: (i) to submit to the jurisdiction of this Court; and (ii) to waive any claim of sovereign immunity to the fullest extent of the law. FAA § 22. The Republic further expressly agreed that certain events, including a failure to pay interest when due, or a declaration by the Republic of a moratorium on the payment of principal or interest, would constitute default. *See id.* (Default: Acceleration of Maturity) ¶ 12(a), (d). On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on its external debt. The Court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Applestein v. Province of Buenos Aires*, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

Since declaring the moratorium, the Republic has defaulted by failing to make any payment of interest or principal on the Bond that is the subject of Plaintiff's motion for partial summary judgment.

The Bond, and the amount of beneficial interest owned by Plaintiff is reflected in the following table:[1]

**Table 1**

[1] The Court notes the distinction between bonds and beneficial interests. In some previous opinions, the Court has referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp. v. Republic of Argentina,* No. 04-cv-1048, 2005 WL 2656126 (S.D.N.Y. Oct. 17, 2005).

| Plaintiff Bond Holder or Beneficial Owner: | Bainbridge Fund Ltd. |
|---|---|
| Face Value: | $34,000,000 |
| CUSIP No., ISIN No., BB No.: | ISIN: US040114GG96 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | June 19, 2018 |
| Interest Rate/Payable: | 12.25% |
| Date Of Purchase: | Before November 2, 2016 |
| Acceleration: | On November 2, 2016 pursuant to Plaintiff's written notice |
| Contract Documents: (FAA; FRB; Indenture; Offering Prospectus; Certificates, etc.) | FAA |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account Statement from UBS dated May 15, 2020 |

**DISCUSSION**

This Court has already granted summary judgment to plaintiffs in other cases seeking to collect similar breach of contract claims against the Republic for its failure to satisfy its foreign debt obligations, including the same the FAA Bond at issue in this Action. In *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005) and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as Plaintiff here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement. The Republic has agreed to waive objections based on lack of authorization where the Court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cali v. Republic of Argentina*, No. 04-cv-6594; *see*

*also Dussault v. The Republic of Argentina*, No. 06-civ-13085 (TPG), Judgment (S.D.N.Y. May 25, 2012).

Here, Plaintiff has adequately demonstrated through its account statements and the witness declaration of Igor Cornelsen that Plaintiff owned its beneficial interest in the FAA Bond as of November 2, 2016. There is no evidence of any change of ownership thereafter.

Interest on the outstanding principal of the FAA Bond shall continue to accrue pre-judgment at the contract rate, regardless of intervening maturity or acceleration, in addition to statutory interest on accrued and unpaid interest on the outstanding principal of the FAA Bond in accordance with this Court's decisions in *White Hawthorne, LLC v. Republic of Argentina*, No. 16-cv-1042 (TPG), 2016 WL 7441699 (S.D.N.Y. Dec. 22, 2016), and *Bison Bee LLC v. Republic of Argentina*, No. 18-cv-3446 (LAP), 2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018), *aff'd,* 778 F. App'x 72 (2d Cir. 2019), and in accordance with the holding of the New York Court of Appeals in *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250 (2011).

Neither party has moved for summary judgment on the second through seventeenth claims for relief in *Bainbridge I* or on any of the claims for relief in *Bainbridge II*. Nevertheless, based on agreement of the parties – and subject to their respective reservations of rights[2] – the Court dismisses these claims in accordance with binding Second Circuit precedent holding that (1) a six-year statute of limitations applies to all claims on Republic-issued bonds; (2) the statute

---

[2] The parties agree that Plaintiff's remaining claims are barred under Second Circuit precedent – which this Court is bound to apply – but Plaintiff is of the position that the Second Circuit incorrectly analyzed and applied New York's statutes of limitations in the *Lucesco* and *Bison Bee* decisions. Plaintiff also recognizes that the Court is bound to apply such precedent so, in lieu of needless motion practice on the subject, the parties have agreed to the entry of judgment on the First Claim for Relief in *Bainbridge I* and dismissal of the remaining claims in *Bainbridge I* and *Bainbridge II*. Plaintiff retains any rights it has to ask the Second Circuit to reconsider *Lucesco* and *Bison Bee*, and the Republic retains all rights and defenses with respect to any such claimed right.

of limitations has not been tolled or restarted; and (3) the Republic is not in violation of the so-called "*pari passu*" clause. *See Lucesco Inc. v. Republic of Argentina*, 788 F. App'x 764, 766 (2d Cir. 2019); *Bison Bee*, 778 F. App'x at 73. Any future *pari passu* claim would need to be based on new facts, which by definition are not alleged in the operative complaints. *See Bugliotti v. Republic of Argentina*, 952 F.3d 410, 415 (2d Cir. 2020) (Plaintiffs should not "be permitted to maintain their *pari passu* claim in the hope of supporting it with better evidence in the future. If new events occur or new facts emerge that suggest an entitlement to injunctive relief, Plaintiffs may pursue such relief through amendment or by filing a new action, subject to the ordinary rules of civil procedure.").

## CONCLUSION

The motion for partial summary judgment is granted. Judgment will be entered on the First Claim for Relief in *Bainbridge I*, for the principal amount of the FAA Bond issued by the Republic, plus interest. All of the remaining claims in *Bainbridge I* are dismissed. *Bainbridge II* is dismissed in its entirety. The Clerk of the Court shall terminate the motion reflected in dkt. no. 28 in 16-cv-8605 and dkt. no. 27 in 16-cv-8665.

Settle judgment.

**SO ORDERED.**

Dated: New York, New York
December 1, 2020

Loretta A. Preska, U.S.D.J.