```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| BAINBRIDGE FUND LTD.,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendant. | No. 16 CV 8605 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiff Bainbridge Fund Ltd. ("Bainbridge") brought suit against the Republic of Argentina ("Argentina" or "the Republic") seeking to recover amounts due as a result of the Republic's default on certain global debt securities. Bainbridge moved for summary judgment in May 2020. (See dkt. nos. 28-31.)  On December 1, 2020, on consent of the Republic, the Court granted summary judgment to Bainbridge on its claim to relief with respect to the "US040114GG976 Bonds," which is governed by the 1994 Fiscal Agency Agreement (the "FAA").  (Dkt. no. 40.)  Consistent with that order, the Court entered judgment against the Republic in the amount of $95,424,899.38, comprising principal and interest owed on the bonds through December 1, 2020.  (Dkt. no. 41.)  The Republic has not paid the judgment.

On December 22, 2021, Bainbridge moved pursuant to FRCP 69(a)(1) and NY CPLR 5225(a) for an order compelling the Republic to turn over certain foreign assets sufficient to

satisfy the judgment against it.  (Dkt. nos. 51-53.)  The Republic opposed on February 8, 2022 (Dkt. no. 59-63.) Bainbridge replied on February 22, 2022.  (Dkt. no. 66.)

Bainbridge asserts that CPLR 5225 empowers the Court to order the Republic to transfer specified assets from the Republic's holdings at the Central Bank of Argentina (the "BCRA") in Argentina into New York and that the "Court has wide latitude through which to direct a judgment debtor to execute and deliver any document necessary to effect payment or delivery" pursuant to CPLR 5225(c).  (Dkt. no. 52 at 8, 8 n.10.) In opposition, the Republic argues, among other things, that the Foreign Sovereign Immunities Act ("FSIA") immunizes the relevant assets from execution because they are located outside the United States.  (Dkt. no. 62 at 5-12.)

On July 13, 2022, after the close of briefing, the Court of Appeals decided an appeal by Bainbridge in this case and held that CPLR 211(a) did not apply to the Republic because the Republic was not a "'person' for purposes of section 211(a)."  Bainbridge Fund Ltd. v. Republic of Arg., 37 F.4th 847, 850-51 (2d Cir. 2022).  The Court of Appeals reasoned that:

> [T]he ordinary meaning of "person" is a natural person. See Butterworth v. O'Brien, 23 N.Y. 275, 280 (1861) (noting that the "common and ordinary signification" of the term "persons" is "natural persons").  The Supreme Court has explained that the common usage of the term "persons" does "not

2

> include the sovereign, and statutes employing it will ordinarily not be construed to do so." United States v. United Mine Workers, 330 U.S. 258, 275, 67 S. Ct. 677, 91 L. Ed. 884 (1947); see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 273 (2012) ("[T]he word person traditionally excludes the sovereign" given "a 'longstanding interpretive presumption' to that effect." (quoting Vt. Agency of Nat. Res. v. United States ex rel. Stevens, 529 U.S. 765, 780, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000)). New York courts similarly presume that "[t]he word person does not, in its ordinary or legal signification, embrace a State or government." In re Fox, 52 N.Y. 530, 535 (1873), aff'd sub nom. United States v. Fox, 94 U.S. 315, 24 L. Ed. 192 (1876).

Id.

The statute Bainbridge relies on as the basis for the Court's authority to grant the requested relief, CPLR 5225(a), provides that if it is "shown that the judgment debtor is in possession or custody of money . . . the court shall order that the judgment debtor pay the money" to the judgment creditor. CPLR 5225(a). CPLR 105 in turn defines a "judgment debtor" as "a person. . . against whom a money judgment is entered." CPLR 105 (emphasis added). CPLR 5225(c) provides that the "court may order any person to execute and deliver any document necessary to effect payment or delivery." CPLR 5225(c) (emphasis added).

The presumption against reading a statutory reference to a "person" to include a sovereign raises the question of whether

3

CPLR 5225 applies to a sovereign, like the Republic, in the first instance, a question separate and apart from whether the FSIA does or does not immunize extraterritorial assets. If it does not, the question becomes whether such an argument is waivable or forfeitable and whether the Republic did either waive or forfeit this argument.

The parties may submit additional briefing on these questions as set forth below:

- Bainbridge shall submit an opening brief of not more than ten, double-spaced pages by March 16, 2023;

- The Republic shall submit a responsive brief of not more than ten, double-spaced pages by March 30, 2023; and

- Bainbridge shall submit a reply brief of not more than five, double-spaced pages by April 5, 2023.

**SO ORDERED.**

Dated:    March 2, 2023
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge