UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAINBRIDGE FUND LTD.,

          *Plaintiff,*

    v.

THE REPUBLIC OF ARGENTINA,

          *Defendant.*

16-cv-08605 (LAP)

## STIPULATION AND [PROPOSED] ORDER
## GOVERNING CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-captioned action (the "Action"), subject to the approval of the Court, that:

1.    This Stipulation and Order governs the treatment of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit, responses to demands under Rule 26.1 of the Local Civil Rules of this Court and any other and other written, recorded or graphic matter ("Discovery Material") produced by or obtained from any party or non-party (the "Producing Person") in this Action that is designated confidential by the Producing Person in accordance with the procedures set forth below.

2.    Any Producing Person may designate any Discovery Material produced, given or exchanged during the conduct of the Action as "Confidential" if the Producing Person in good faith believes that such Discovery Material contains information that contains personal identifying or financial information, is non-public and proprietary or sensitive from a commercial or financial point of view. All Discovery Materials designated "Confidential" or required to be treated as "Confidential," and the information contained or reflected therein or

derived therefrom, shall be referred to in this Stipulation and Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of the Stipulation and Order.

3.      This Stipulation and Order is without prejudice to any Producing Party's right to assert that Discovery Material is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege, and is without prejudice to any other party's right to contest such an assertion.

4.      If Discovery Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless inadvertently produced by a Producing Party, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Discovery Material is privileged or otherwise protected from disclosure. If a claim of inadvertent production is made pursuant to this paragraph with respect to Discovery Material then in the custody of another party, such party shall promptly return to the Producing Party or destroy that Discovery Material within its possession, custody or control as to which the claim of inadvertent production has been made. In addition, the receiving party shall destroy all notes or work product reflecting the contents of such Discovery Material, and shall not use such Discovery Material, or the information contained therein, for any purpose in the Action or in any other action.  Within thirty (30) days of each production of Discovery Material, the Producing Person shall provide a privilege log for Discovery Material that has been redacted or withheld in whole or in part from production on the basis of a claim of attorney-client privilege, attorney work product, and/or on the basis that it was prepared in anticipation of litigation.

5.      Confidential Discovery Material shall be used only in connection with the Action or Proceeding relating to enforcement of the judgment entered in this Action or any related proceeding brought to enforce the judgment (such judgment, the "Judgment" and such proceeding, "Related Proceeding"), and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court orders, or with the explicit consent in writing of the Producing Person with respect to specifically identified Confidential Discovery Material.

6.      (a) Copies or originals of Confidential Discovery Material which are delivered to parties in the Action or otherwise leave the possession of the Producing Person shall be designated by marking or stamping them "Confidential." With respect to multi-page documents which contain "Confidential" information, the designation may be made by marking only the first page thereof "Confidential" so long as such multi-page documents are securely bound. With respect to electronically produced documents, the designation may be made by affixing the legend "Confidential" to the media containing the Discovery Material.

(b)      The Producing Person may, on the record of a deposition, or within thirty  (30) business days after receipt of the final transcript of such deposition, designate any portion or portions of the deposition, including exhibits, as "Confidential" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Producing Person. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

7.      Confidential Discovery Material designated as "Confidential" or information derived therefrom may be disclosed or made available only to the following persons without written consent from the Producing Person:

(a)      outside litigation counsel that have appeared in the Action or Related Proceeding and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided that the signature on this Stipulation and Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

(b)      experts or consultants retained in good faith to assist counsel in the Action or Related Proceeding, provided that any such experts or consultants execute an undertaking to be bound by this Stipulation and Order in the form attached hereto prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant, so that it may be shown to counsel for the Producing Person upon a showing of good cause;

(c)      the parties and inside counsel, officers, directors, partners, members, employees or former employees of the parties assisting in the prosecution or defense of the Action or Related Proceeding, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(d)      the Court  or any court presiding over any Related Proceeding, pursuant to Paragraph 10 of this Stipulation and Order;

(e)      employees of outside copy services used to make copies of Discovery Materials;

(f)     witnesses deposed in the Action or any Related Proceeding, or who appear at any hearing or trial in the Action or any Related Proceeding, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(g)     court reporters who record testimony taken in the course of the Action or any Related Proceeding.

8.      In the event additional persons become parties to the Action or any Related Proceeding, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material produced by or obtained from any other Producing Person until said parties have executed and filed with this Court a copy of this Stipulation and Order.

9.      Should any non-party serve a subpoena for the production of any Confidential Discovery Material to any party or counsel for a party who has received such material, the subpoenaed party in such instance shall provide notice of such subpoena, order, or request to the Producing Person in writing or by telephone, and promptly transmit a copy of the subpoena via email to counsel for the Producing Person. The subpoenaed party shall give the Producing Person sufficient advance notice of any intended disclosure so that the Producing Party may, if necessary or appropriate, raise objections to the intended disclosure.  The subpoenaed party shall not disclose any Confidential Discovery Material for a period of at least five business days after providing the required notice to the Producing Person, unless the subpoena, order or request requires production on an earlier date.

10.     In the event that counsel for any party determines to file with this Court or a court presiding over any Related Proceeding any pleadings, motions or briefs or other papers which contain or disclose Confidential Discovery Information, such papers shall be filed under seal, filed with redactions, or submitted to the Court in such manner as is agreed upon by the parties hereto (or ordered by the Court) and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL — SUBJECT TO COURT ORDER"

This stipulation and order shall be construed as consent by the parties to any motion to file under seal in accordance with this paragraph without waiver to any parties' rights pursuant to Paragraph 14.  All such materials shall be accepted by the Clerk of the Court for filing and shall be maintained by the Clerk separate from public records and shall be released only upon further Order of this Court. All such materials filed in this Court shall be filed pursuant to the Individual Practices of Judge Loretta A. Preska.

11.     If counsel for any party seeks to file Confidential Discovery Material publicly without redaction, such party shall provide at least ten business days' notice to the Producing Person and parties to the Action, so that the Producing Person or another party may, if necessary or appropriate, raise objections to the intended disclosure.

12.     Inadvertent production of any Discovery Material without it being marked "Confidential" shall not be deemed a waiver of any claim of confidentiality as to that Discovery Material. If a Producing Person fails to mark an item as Confidential Discovery Material at the time of production, that Producing Person may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked "Confidential."

13.     This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Confidential Discovery Material.

14.     Any party receiving Confidential Discovery Material shall have the right at any time to challenge any designation of confidentiality by the Producing Person by seeking an order of the Court with respect to any information, document or thing designated as Confidential Discovery Material. On any such application, the burden of proof shall be on the Producing Person and shall not be affected by the Stipulation and Order. All parties receiving such materials or information shall abide by the designation during the pendency of such motion. The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve among themselves any dispute concerning the confidential treatment of any such material.

15.     This Stipulation and Order shall have no effect on the admissibility or discoverability of any Discovery Material.

16.     After the termination of the Action and any Related Proceeding, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

17.     Within sixty (60) days after the final conclusion of all aspects of the Action and any Related Proceeding by satisfaction in full of the Judgment or by settlement, all Confidential Discovery Material supplied by a Producing Person and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the Producing Person, or the party's counsel shall certify to the Producing Person that all such materials have been destroyed. As to those materials containing Confidential Discovery Material that constitute

counsel's work product, were served in this Action or any Related Proceeding, filed with this Court or the court presiding over any Related Proceeding, and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

18.     The parties agree to seek the approval of the Court with respect to this Stipulation and Order. Notwithstanding the pendency of approval by the Court, this Stipulation and Order shall become effective among such parties who have executed this agreement immediately upon such execution. If approval by the Court is ultimately denied, no party shall treat any Confidential Discovery Material produced prior to that time other than as provided herein.

19.     Nothing in this Stipulation and Order shall be construed as prejudicing any Producing Person's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Nothing in this Stipulation and Order shall be construed as prejudicing any application for an order modifying this Stipulation and Order for good cause. In the event that a party moves the court for an order modifying this Stipulation and Order, or authorizing disclosure of Confidential Discovery Information other than as authorized by this Stipulation, the moving party promptly shall notify the counsel for the Producing Party by email.  However, until such agreement or order is obtained, this Stipulation and Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

20.     This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Stipulation and Order,

shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

21.     This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution.

22.     This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders.

23.     Nothing herein shall constitute a waiver by the Republic of Argentina (the "Republic") of sovereign immunity, nor consent by the Republic to personal or subject matter jurisdiction.

24.     The Republic reserves all rights.

Dated: November 28, 2023
New York, New York

DUANE MORRIS LLP

BY: _Anthony J Costantini_

Anthony J. Costantini
(ajcostantini@duanemorris.com)
David T. McTaggart
(dtmctaggart@duanemorris.com)
Kevin Savarese (ksavarese@duanemorris.com)
1540 Broadway
New York, New York 10036
(212) 692-1000

*Attorneys for Plaintiff Bainbridge Fund Ltd.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

BY: _CB_

Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
Rebecca D. Rubin (rrubin@cgsh.com)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Rathna J. Ramamurthi
(rramamurthi@cgsh.com)
2112 Pennsylvania Avenue
Washington, DC 20037-2000
(202) 974-1515

*Attorneys for Defendant the Republic of Argentina*

SO ORDERED.

Dated: _November 30,_ 2023

_Loretta A. Preska_

LORETTA A. PRESKA
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BAINBRIDGE FUND LTD.,

        *Plaintiff,*

    v.

THE REPUBLIC OF ARGENTINA,

        *Defendant.*

16-cv-08605 (LAP)

## UNDERTAKING REGARDING
## CONFIDENTIALITY STIPULATION AND ORDER

I, _____, have read and understand the Stipulation and Order Governing Confidential Material dated as of November __, 2023, in the above-captioned litigation, and I agree to be bound by and comply with its terms. I further agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute thereunder.

        Signature: _____

        Name: _____

        Date: _____