| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>SHANGHAI<br>BOSTON<br>HOUSTON<br>LOS ANGELES<br>HANOI<br>HO CHI MINH CITY | **DuaneMorris®**<br>*FIRM and AFFILIATE OFFICES*<br><br>ANTHONY J. COSTANTINI<br>DIRECT DIAL: +1 212 692 1032<br>PERSONAL FAX: +1 212 202 4715<br>E-MAIL: AJCostantini@duanemorris.com<br><br>*www.duanemorris.com* | ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE*<br>*OF DUANE MORRIS*<br><br>MEXICO CITY<br>ALLIANCE WITH<br>MIRANDA & ESTAVILLO<br>SRI LANKA<br>ALLIANCE WITH<br>GOWERS INTERNATIONAL |

February 28, 2025

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Attestor Matter Value Fund LP v. Republic of Argentina,* 14-cv-05849;
            *Trinity Investments Ltd. v. Republic of Argentina,* 14-cv-10016, 15-cv-1588, 15-cv-2611, 15-cv-5886, 15-cv-9982, 16-cv-1436;
            *Bybrook Capital Master Fund LP & Bybrook Capital Hazelton Master Fund LP v. Republic of Argentina,* 15-cv-2369, 15-cv-7367, 16-cv-1192, 21-cv-2060;
            *White Hawthorne, LLC v. Republic of Argentina,* 15-cv-4767, 15-cv-9601;
            *White Hawthorne, LLC and White Hathorne II, LLC v. The Republic of Argentina,* 16-cv-1042 (LAP); and
            *Bison Bee LLC v. Republic of Argentina,* 18-cv-3446 (LAP)

Your Honor:

        We represent Plaintiff Bainbridge Fund Ltd. ("Plaintiff") and we write in response to a letter from Kevin Reed dated February 20, 2025, although it was not received by Plaintiff until February 27, 2025.  For the reason set forth below, we ask that you vacate the Order just entered.

        Mr. Reed's letter enclosed a draft Stipulation and Order which I purportedly authorized when I did not (we have asked Mr. Reed to infrom the Court of this error).  The draft Stipulation is a result of over two dozen drafts circulated by the various interested parties.  It was only the very last draft that contained the two provisions that we objected to.  Neither of these provisions were discussed with us before our receipt of the last draft.  While we did object, we also indicated a willingness to discuss further so we could understand the perceived need for the late addition of these two provisions.  We received no further communication until our receipt of Mr.

DuaneMorris

February 28, 2025
Page 2

Reed's letter late on the 27th. Only last night did we learn that the document was e-filed last week without our consent.

As the Court is aware, the plaintiffs here hold combined judgments exceeding $560 Million, with the continuing accrual of post-judgment interest, which is the responsibility of the post-judgment debtor, the Republic of Argentina. The plaintiffs here attached the Republic's receiving interest in the Brady Bonds, which has a value exceeding $300 Million, plus the post-judgment interest which accrued to date.

Since our client has the lesser amount, we have agreed with the Attestor plaintiffs that the amounts be divided into a Disputed Amount and an Undisputed Amount. As to the Undisputed Amount, it shall be remitted to the Attestor plaintiffs. Post-judgment interest accruing on this amount shall stop accruing against the Republic as of the date of the Court's order.

The award of the Disputed Amount shall be determined by this Court after an agreed-upon briefing is complete. The plaintiffs are willing to agree to relieve the Republic of its post-judgment interest liability as of the date of the order.

The first provision highlighted in Mr. Reed's letter would relieve the payment of post-judgment interest by the Republic. However, the second provision would transfer the post-judgment interest obligation from the Republic to whoever is the losing judgment creditor in the Dispute. The provisions seem inconsistent to us and need clarification. More importantly, we do not think it appropriate to shift the post-judgment interest obligation from the judgment debtor to one of the judgment creditors. In fact, we doubt whether the Court has the power to make such a transfer without the consent of all parties. Attestor certainly never provided us with any legitimate basis before its unauthorized filing of the Stipulation. Accordingly, we would suggest the cancellation of the second provision and/or a briefing of the subject.

Respectfully submitted,

*Tony Costantini*

Anthony J. Costantini

AJC/ng
cc:  Kevin S. Reed, Esq. (via email)
     Counsel for the Republic of Argentina (via ECF)
     Michael Brennan, FRBNY (via email)